UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CUMMINGS,<br><br>    Petitioner,<br><br>    v.<br><br>GREG D. LEWIS,<br><br>    Respondent. | Case No. CV 16-4891 AG(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

## I. SUMMARY

On June 2, 2016, petitioner David Cummings signed and is deemed to have constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Original Petition"). On August 18, 2016, petitioner signed and is deemed to have constructively filed the operative First Amended Petition for Writ of Habeas Corpus ("First Amended Petition" or "FAP"). The Original and First Amended Petitions challenge petitioner's 2008 conviction in Los Angeles County Superior Court on multiple overlapping and repetitive grounds reflected in the voluminous and extensive attachments and exhibits.

///
///
///

1

Based upon the current record, including public court records of which this Court has taken judicial notice,[1] and for the reasons discussed below, the Court orders petitioner to show cause why the First Amended Petition and this action should not be dismissed as time-barred.

## II.   BACKGROUND

On December 21, 2007, in Case No. BA277078, a Los Angeles County Superior Court ("LASC") jury found petitioner guilty of first degree murder (count 1), attempted willful, deliberate and premeditated murder (count 2), escape from custody (count 3), and possession of a firearm by a felon (count 4). The jury further found to be true firearm enhancement allegations as to counts 1 and 2 and gang enhancement allegations as to counts 1, 2 and 4. On March 19, 2008, the trial court sentenced petitioner to a total of life plus 75 years to life, plus eight years in state prison.

On October 29, 2009, in Case No. B207053, the California Court of Appeal affirmed the judgment in a reasoned decision. On November 20, 2009, the Court of Appeal summarily denied a petition for rehearing. On February 10, 2010, in Case No. S178290, the California Supreme Court denied review without comment.

On December 29, 2010, petitioner signed a Petition for Writ of Habeas Corpus ("First State Petition") which appears to have been provided to prison authorities for mailing (and is deemed to have been constructively filed) on

---

[1]The Court takes judicial notice of court records in a prior federal action filed by petitioner in the Central District of California – David Cummings v. Greg D. Lewis, Case No. 2:11-cv-04003-AG-JC ("Prior Federal Action") and of the public dockets of the California Court of Appeal, Second Appellate District ("Court of Appeal") and the California Supreme Court in the following cases, available via http://appellatecases.courtinfo.ca.gov:  (1) The People v. Cummings, Court of Appeal Case No. B207053; (2) People v. Cummings, California Supreme Court Case No. S178290; (3) Cummings (David) on H.C., California Supreme Court Case No. S191096; and (4) Cummings (David) on H.C., California Supreme Court Case No. S231763. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

January 17, 2011.  On February 2, 2011, the LASC denied the First State Petition in a reasoned decision.

On February 17, 2011, petitioner signed and mailed a Petition for Writ of Habeas Corpus to the California Supreme Court ("Second State Petition"), which was formally filed in Case No. S191096 on March 2, 2011.  On August 31, 2011, the California Supreme Court denied the Second State Petition without comment.

On March 18, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Prior Federal Petition") in the Prior Federal Action in the Central District of California – Case No. 2:11-cv-04003-AG-JC.  On April 30, 2012, the District Judge dismissed the Prior Federal Petition without prejudice because it was "mixed," *i.e.*, it contained both exhausted and unexhausted claims and petitioner, after having been afforded an opportunity to delete his unexhausted claims, failed to do so.  Judgment was entered accordingly on May 2, 2012. Petitioner did not appeal.

On December 3, 2015, petitioner signed a Petition for Writ of Habeas Corpus ("Third State Petition"), which was formally filed in California Supreme Court Case No. S231763 on January 11, 2016.  On March 23, 2016, the California Supreme Court denied the Third State Petition without comment.

In June 2016, petitioner submitted the Original Petition for filing as a first amended petition in the Prior Federal Action, but the District Judge, in an order dated June 30, 2016, directed that such submission be filed as an Original Petition in the instant action for reasons explained therein.

**III.   DISCUSSION**

Federal courts are permitted to consider, sua sponte, the timeliness of a state prisoner's habeas petition. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).  A court must, however, accord the prisoner fair notice and an opportunity to present his position before taking any action on that basis.  Day, 547 U.S. at 210; Herbst, 260 F.3d at 1043.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody.  The limitation period runs from the latest of:  (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  In this case, it appears that the statute of limitations on all of petitioner's claims ran from the date on which the judgment in petitioner's case became final on direct review – May 11, 2010 – ninety (90) days after the California Supreme Court denied review on direct appeal (on February 10, 2010) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired.  See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted).

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first

state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). Nor is the statute of limitations tolled during the pendency of a federal petition for writ of habeas corpus. Duncan v. Walker, 533 U.S. 167, 172 (2001). On the current record – including matters as to which the Court has taken judicial notice – it does not appear that petitioner would be entitled to statutory tolling for the 250-day period of May 12, 2010 through January 16, 2011, because no case was pending during such time period. However, the Court assumes for purposes of analysis, that petitioner would be entitled to statutory tolling for the period of January 17, 2011 – the date he constructively filed the First State Petition – through August 31, 2011 – the date the California Supreme Court denied the Second State Petition. Based on the foregoing, the statute of limitations recommenced running on September 1, 2011, and, absent further tolling, expired on December 27, 2011, effectively 115 days later (365-250).[2] Petitioner's subsequently filed Third State Petition cannot toll the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert. denied, 540 U.S. 924 (2003).

As noted above, petitioner's Prior Federal Petition was filed on March 18, 2011 – before the statute of limitations expired – and thus was timely. However, as also noted above, the Prior Federal Petition was dismissed as "mixed," after petitioner was afforded an opportunity to delete his unexhausted claims and did not do so, and judgment was entered accordingly on May 2, 2012. The statute of
///

---

[2]The 115th day actually fell on Saturday, December 24, 2011, but as such date, as well as the following Sunday fell on a weekend, and as Monday, December 26, 2011 was a legal holiday, the statute of limitations, absent further tolling, expired on Tuesday, December 27, 2011. See Fed. R. Civ. P. 6(a)(1), (a)(6)(A).

limitations was not tolled during the pendency of the Prior Federal Petition. Duncan v. Walker, 533 U.S. at 172.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from Original Petition, the First Amended Petition, or the current record that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting

new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, it appears, based upon current record, that this action – which was constructively filed on June 2, 2016, approximately four and one half years after the statute of limitations expired on December 27, 2011 – is time-barred.

**IV.  ORDER**

In light of the foregoing, petitioner is ORDERED TO SHOW CAUSE by not later than **November 28, 2016** why the First Amended Petition and this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of the First Amended Petition and this action with prejudice based upon petitioner's claims

///
///
///
///
///
///

being time-barred or dismissal of this action with or without prejudice based upon petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.[3]

DATED: November 8, 2016

                                                                           /s/
                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE

---

[3]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.